IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES-ERIC WOFFORD,<br><br>            Plaintiff,<br><br>   v.<br><br>DANE R. HAYWARD DBA, in his official and private capacity, S. CURTIS, in his official and private capacity, MARK BARNES, in his official and private capacity, and LAKE COUNTY aka THE COUNTY OF LAKE,<br><br>            Defendants.                                   / | No. C 05-03355 WHA<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

## INTRODUCTION

In this civil-rights action alleging various constitutional violations, defendants now move to dismiss the complaint. Because this order finds that plaintiff's claims are wholly without merit, these motions are **GRANTED**.

## STATEMENT

Plaintiff James-Eric Wofford, acting pro se, filed his complaint on August 17, 2005. The facts are difficult to discern from his rambling narrative. Mr. Wofford accuses three California Highway Patrol officers of wrongfully arresting him and charging him with various violations of the California Vehicle Code ("CVC"). Lake County is also named as a defendant. In short, Mr. Wofford argues that those charges were "without force and effect" on him because the CVC, including §§ 14601.1, 14601.5(a) and 2800.2(a), only applies to commercial drivers. In support of this theory, he cites various definitions. These include 18 U.S.C. § 31, applicable to penalties for the destruction of aircraft and motor vehicles, and CVC § 15210, applicable to Chapter 7 of the CVC — *i.e.*, the Commercial Motor Vehicle Safety Program (Compl. at 2–4).

Mr. Wofford specifically alleges that the three California Highway Patrol officers arrested him when they had no probable cause to believe that the CVC would apply to him because there was "no valid evidence or good information that [he was] transporting persons or property for hire" (*id.* at 6). The Lake County Superior Court and the District Attorney are accused of misapplying the CVC to him and failing to file a verified complaint or a bill of particulars (*id.* at 6–8, 26). He further alleges that he was arrested as a result of a conspiracy between the officers and his friend Kenny Kirkbright, with whom he had a dispute over a pickup truck (*id.* at 9–10, 13). Mr. Wofford also claims that the first time he was charged with driving under the influence, he was denied a blood test when he failed to urinate and the second time, defendants tampered with his urine sample; these allegedly wrongful DUI charges resulted in the suspension of his driver's license (*id.* at 11–13). Finally, he alleges that his truck was wrongfully towed when his friend Lisa Jorgenson was driving it with an expired driver's license (*id.* at 14).

There are five pending criminal cases against Mr. Wofford in Lake County Superior Court. Case numbers CR904269, CR034377, CR035994 and LP31096.01 have been consolidated and continue to trail CR902434 (RJN Exh. B). Among other crimes, he was accused of violating the following sections of the CVC: § 23152(a) (driving under the influence of a controlled substance, specifically methamphetamine) on March 31, 2002; §§ 14601.5(a) (knowingly driving without a license) and 22350 (speeding) on May 7, 2003; §§ 23152(a) and 27315(d)(1) (driving without a seatbelt) on August 27, 2003; §§ 2800.2(a)(driving with willful or wanton disregard for safety or persons or property while fleeing from a pursuing police officer) and 14601.5(a) on September 5, 2004.

Mr. Wofford alleges various violations of his constitutional rights in support of his claims under 42 U.S.C. §§ 1983, 1985 and 1986. Specifically, the complaint accuses defendants of (1) misapplying the CVC to non-commercial entities in violation of the equal protection and due process clauses of the 14th Amendment; (2) refusing to file a bill of particulars in the pending criminal actions in violation of the 5th and 6th Amendments; (3) confiscating personal property (*i.e.*, towing his truck) without a trial by jury in violation of

1  the 7th Amendment; (4) arresting him without probable cause in violation of the 4th
2  Amendment because he was not a commercial driver transporting persons or property for hire;
3  (5) failing to file a verified complaint in violation of the 4th Amendment; (6) violating his right
4  to travel under the 5th, 9th and 14th Amendments; (7) arresting him and subjecting him to false
5  imprisonment for violations of the CVC which did not apply to him; and (8) violating federal
6  law as set forth in 18 U.S.C. § 31 by not defining "motor vehicles" as those used for
7  commercial purposes (Compl. at 16–41). Mr. Wofford seeks damages in the amount of $1.2
8  million for false imprisonment, $105,000 in lost income (for three years of being unable to use
9  an automobile in his chosen profession as an antiques dealer) and $10,000 in punitive damages
10 (*id.* at 41–42).

11 Defendant Lake County filed its motion to dismiss on September 8, 2005. The three
12 California Highway Patrol officers filed a separate motion to dismiss. Because Mr. Wofford
13 initially failed to file timely opposition briefs to these two motions, the hearing was rescheduled
14 to allow him an opportunity to do so.

**ANALYSIS**

16 On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual
17 allegations of the complaint are taken as true and construed in the light most favorable to the
18 nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). The court
19 need not, however, accept as true allegations that contradict matters properly subject to judicial
20 notice or by exhibit. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Nor is the
21 court required to accept as true allegations that are merely conclusory, unwarranted deductions
22 of fact, or unreasonable inferences. *Ibid.*

23 Complaints of plaintiffs appearing pro se are judged by a less stringent standard than
24 pleadings drafted by attorneys. *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988). If,
25 however, "it is absolutely clear that the deficiencies of the complaint could not be cured by
26 amendment," leave to amend need not be granted. *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir.
27 1995). Moreover, "where the alleged claim under the Constitution or federal statutes clearly
28 appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where

such a claim is wholly insubstantial and frivolous," the Court lacks subject-matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

As stated on the record, a federal court is without jurisdiction to intervene in pending state court criminal proceedings. To the extent that Mr. Wofford is attempting to stop the prosecution of the five criminal cases listed above, the Court must abstain from hearing such claims. *See Younger v. Harris*, 401 U.S. 37 (1971).

In any event, the overarching theme of plaintiff's complaint is that he is exempt from criminal prosecution because the CVC only applies to commercial drivers. This theory, based on selective citations of irrelevant definitions from the CVC and the United States Code, is completely devoid of merit. This order finds that the alleged constitutional violations — all based on this flawed argument that the CVC does not apply to plaintiff — are wholly insubstantial and frivolous. Because the Court lacks subject-matter jurisdiction, the complaint must be **DISMISSED**. FRCP 12(h)(3).

Even if this order were to reach the merits and accept all the factual allegations as true, Mr. Wofford's complaint fails to set forth any cognizable legal theory. All of the alleged "constitutional violations" revolve around his argument, rejected above, that the CVC only applies to commercial drivers. There is no constitutional right to drive, much less a "clearly established" right that defendants' interference with would give rise to liability under 42 U.S.C. 1983. The same argument has already been rejected by the Northern District of California. *See Mohammed El v. Opdyke*, 2004 WL 1465692 (N.D. Cal. Jun. 23 2004).

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are **GRANTED**. Judgment will be entered accordingly. In light of this order, defendants' request to continue their case management deadlines is **RENDERED MOOT**.

**IT IS SO ORDERED.**

Dated: November 10, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4